IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID WYNNE | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLY FINANCIAL, INC. | § | JURY DEMANDED |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

Plaintiff, David Wynne ("Wynne") complains of Ally Financial, Inc. ("Ally") and states as follows:

## INTRODUCTION

1. Wynne brings this action for damages resulting from the illegal actions of Ally. Ally negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC,* 132 S.Ct. 740 (2012); Also see 28 U.S.C. § 1331 (federal question).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff resides within the Southern District of Texas, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Houston, Texas.

5. Ally is, and at all times mentioned herein was, a corporation headquartered in Detroit, Michigan. It may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

6. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."

8. Specifically, the plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

10. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).
[3] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), CG Docket No. 02-278, 23 FCC Rcd 559, 564-65 (¶ 10) (2008).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Upon information and belief, Ally employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

13. Wynne received the following unsolicited, unauthorized pre-recorded automated phone calls from Ally at (866) 443-3138 on his cell phone at (832) ***-4654 in violation of the TCPA:

8/7/14 @ 10:41 AM

8/7/14 @ 4:41 PM

8/8/14 @ 9:51 AM

8/12/14 @ 9:38 AM  Wynne expressly requested the calls to stop, and an Ally representative promised she would take his number off of the call list, but the calls continued.

8/14/14 @ 3:21 PM

8/15/14 @ 9:36 AM

8/15/14 @ 4:41 PM

14. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. Defendant did not have prior express consent to place automated or prerecorded calls with an altered caller identification to Plaintiff on his cellular telephone.

16. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

## COUNT I
### Negligent Violations of the Telephone Consumer Protect Act
### 47 U.S.C. § 227, *et seq.*

17. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

18. Defendant Ally negligently placed multiple automated calls using an artificial or prerecorded voice, to a cellular number belonging to Plaintiff without his prior express consent.

19. Each of the aforementioned calls by Ally constitutes a negligent violation of the TCPA.

20. As a result of Ally's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act
## 47 U.S.C. § 227, *et. seq.*

22. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporated them herein by reference.

23. Defendant Ally knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without his prior express consent.

24. Each of the aforementioned calls by Ally constitutes a knowing and/or willful violation of the TCPA.

25. As a result of Ally's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Respectfully submitted,

WYNNE & WYNNE LLP

 */s/ David E. Wynne*
David E. Wynne
Fed. No. 566468
State Bar No. 24047150
1021 Main Street, Suite 1275
One City Centre
Houston, TX 77002
(713) 227-8835 (Telephone)
(713) 227-6205 (Facsimile)
dwynne@wynne-law.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:

Kenneth R. Wynne
Texas Bar No. 22110000
Fed. No. 837
WYNNE & WYNNE LLP
1021 Main Street, Suite 1275
One City Centre
Houston, TX 77002
(713) 227-8835 (Telephone)
(713) 227-6205 (Facsimile)
kwynne@wynne-law.com